UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-cr-20581-GAYLES/TORRES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HECTOR JULIO JIMENEZ
CARABALLO,
ALBERTO PEGUERO,
ROBERTO PERALTA IBARRA, and
VICTOR VAZQUE DIAZ,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Joint Motion to Dismiss the Indictment (the "Motion"). [ECF No. 29]. The Motion was referred to Chief Magistrate Judge Edwin Torres. [ECF No. 30]. On May 12, 2022, Judge Torres issued his report recommending that the Motion be denied (the "Report"). [ECF No. 36]. Defendants have timely objected to the Report. [ECF No. 38].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres recommends that the Motion be denied and finds that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70502 ("MDLEA"), is constitutional on its face and as applied to Defendants. [ECF No. 36]. In their objections, Defendants argue that Judge Torres erred in making findings, without an evidentiary hearing, as to the amount of the United States' involvement in the law enforcement operation and in failing to include facts about the Dutch officials' involvement in Defendants' arrest and detention. [ECF No. 38]. In addition, Defendants reassert the arguments raised in the Motion that the MDLEA is unconstitutional on its face and as applied to Defendants. *Id.*

The Court has conducted a *de novo* review of the record and agrees with Judge Torres's well-reasoned recommendation that the Motion be denied. With respect to Defendants' objection that Judge Torres made factual findings without an evidentiary hearing, the Court notes that in the Motion, Defendants repeatedly state that the United States was involved in the law enforcement operation. [ECF No. 29]. Indeed, Defendants allege that the Dutch vessel "had an embarked United States law enforcement team" and had "launched two smaller interception crafts (FRISCs) with both Dutch and United States personnel on board." *Id.* at 2. Although Defendants allege that there was only "minimal involvement by the United States Coast Guard" and Judge Torres found that "this is not a case of minimal American involvement; this is a case of active collaboration between two sovereigns," [ECF No. 36 at 14], the Court finds this to be a distinction without a difference. Whether the United States' involvement was "minimal" or the investigation was Dutch-led or collaborative, there is no dispute that the United States and Dutch governments were jointly

involved in the investigation. Moreover, Defendants cite no authority for the proposition that minimal involvement by the United States in this interdiction would be unconstitutional.

### CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   Judge Torres's Report and Recommendation, [ECF No. 36], is **ADOPTED in full**;

(2)   Defendants' Joint Motion to Dismiss the Indictment, [ECF No. 29], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE